## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD E. GOODLOE, | No. 4:24-CV-00695 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN SAGE,[1] | |
| Respondent. | |

## MEMORANDUM OPINION

### SEPTEMBER 3, 2024

Petitioner Ronald E. Goodloe is currently confined at the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg). He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 concerning disciplinary proceedings that occurred at FCI Thomson, located in the Northern District of Illinois. He asserts that he was wrongly convicted of a disciplinary infraction by FCI Thomson officials, resulting in lost good-conduct time and other sanctions. Because Goodloe has not established a constitutional violation, the Court is constrained to deny his Section 2241 petition.

---

[1] The Court observes that Goodloe is incarcerated in USP Lewisburg and thus the appropriate (and only) respondent would be the warden of that prison. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a . . . habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). According to Respondent, the correct respondent is Warden Sage. *See* Doc. 16 at 2 & n.2. The Court will therefore substitute the appropriate respondent in this action.

## I.   BACKGROUND

On March 11, 2022, Goodloe was issued an incident report in which he was charged with possessing a dangerous weapon.[2]  According to the report, around 12:40 p.m. on March 10, 2022, his cell had been searched at "random" and a "homemade weapon" (similar to a knife or shank) was found "in a white sock which was located inside of a black institutional boot" that was situated "under the bottom bunk in a common area" of the cell.[3]

Goodloe provided a written response to the incident report, asserting that another inmate (Artavis Williams) had entered his cell without permission on the morning of March 10 and had planted the weapon, "set[ting] up" Goodloe and his cellmate.[4]  In his Section 2241 petition, Goodloe also asserts that during a post-incident conversation, Williams admitted that two federal corrections officers (J. Smith and B. Disher) had asked him to plant the weapon and had paid him with postage stamps.[5]

Due to the severity of the charged offense, the incident was referred to a Discipline Hearing Officer (DHO).[6]  Goodloe appeared before the DHO on March 23, 2022.[7]  He waived his right to staff representation, did not provide any

---

[2]   Doc. 16-6 at 2.
[3]   *Id.*
[4]   *See* Doc. 16-8; Doc. 15 at 9.
[5]   Doc. 15 at 9, 10, 11.
[6]   Doc. 16-6 at 3.
[7]   *See* Doc. 17 at 2.

documentary evidence or witness testimony, denied the charged offense, and testified that the homemade weapon was not his.[8]  The DHO found that the greater weight of the evidence supported the charge for possession of a dangerous weapon.[9]  Goodloe was sanctioned with loss of 41 days of good-conduct time, 30 days of disciplinary segregation, loss of commissary and email privileges for 60 days, and a $40 fine.[10]

After attempting (unsuccessfully) to administratively appeal the DHO's decision,[11] Goodloe eventually filed the instant Section 2241 petition in the United States District Court for the Northern District of Illinois in April 2024.[12]  However, at the time of filing, Goodloe had already been transferred to USP Lewisburg, situated in the Middle District of Pennsylvania.[13]  The Northern District of Illinois promptly transferred his petition to this Court pursuant to 28 U.S.C. § 1631.[14] Goodloe's petition has been fully briefed and is ripe for disposition.

---

[8]   *See id.* at 2-3.
[9]   *See id.* at 3-4.
[10]  *See id.* at 4.
[11]  Much of Goodloe's petition and Respondent's answer is devoted to the issue of administrative exhaustion.  The Court finds that Goodloe exhausted his administrative remedies, as it appears that he timely mailed his DHO appeal to the Regional Director via U.S.P.S. Certified Mail but did not receive a response.  *See* Doc. 15 at 21; 28 C.F.R. § 542.14(d)(2).  After receiving no response, Goodloe attempted to refile his DHO appeal in August and October 2022 and prove that he had timely submitted his appeal in April, but he continued to receive rejections from the Regional Office saying that his appeal was untimely.  *See* Doc. 15 at 15-19.  Thus, the BOP, through its repeated refusal to address the merits of Goodloe's appeal or consider his evidence that his initial appeal had been timely filed, effectively rendered administrative remedies unavailable.
[12]  *See generally* Doc. 1.
[13]  *See id.* at 1.
[14]  *See* Doc. 3.

## II. DISCUSSION

Goodloe contends that his Fifth Amendment due process rights were violated when he was found to have committed the offense of possessing a dangerous weapon.[15]  He alleges that the weapon in question was planted in his cell by inmate Artavis Williams and that he was "set up."  As best as the Court can discern, Goodloe is asserting a challenge to the sufficiency of the evidence.  He does not dispute or question any of the other procedural matters surrounding his disciplinary proceeding.  Respondent construes Goodloe's claim in the same manner,[16] and Goodloe has not objected to this characterization.

Inmates retain certain procedural due process rights in prison disciplinary proceedings, although these rights "may be curtailed by the demands and realities of the prison environment."[17]  *Wolff v. McDonnell* enumerates those protections and requires, at minimum, (1) the right to appear before an impartial decision-making body; (2) written notice of the charge(s) at least 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence (so long as the presentation of such evidence is not "unduly hazardous to institutional safety or correctional goals"); (4) if the inmate is illiterate or complex issues are involved, assistance from another inmate or a staff member; and (5) a

---

[15]  *See* Doc. 15 at 6.

[16]  *See* Doc. 16 at 11-13.

[17]  *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974)).

written decision by the factfinder setting forth the evidence relied on and the reasons for the disciplinary action.[18]

When an inmate challenges the sufficiency of the evidence in a prison disciplinary proceeding that resulted in the loss of good-conduct time, "the requirements of due process are satisfied if *some evidence* supports the decision" to revoke good-time credits.[19]  Determining whether this standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."[20]  Rather, the relevant inquiry for the court is whether there is "any evidence in the record that could support the conclusion" reached by the decisionmaker.[21]

Under this minimal evidentiary burden, Goodloe's due process claim fails. In the April 5, 2022 report, the DHO primarily relied on the March 11 incident report, which explained when, where, and how the homemade weapon was discovered in Goodloe's cell.[22]  The DHO also considered Goodloe's written statement and reviewed pertinent video footage—as requested by Goodloe—from March 10.[23]  Additionally, the DHO cited photographic evidence and chain-of-

---

18  *Wolff*, 418 U.S. at 563-70 (citations omitted).
19  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (emphasis added).
20  *Id.*
21  *Id.* at 455-56; *see also Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013) ("[T]he 'some evidence' standard is a standard of appellate review to be applied by the district court rather than a burden of proof in a prison disciplinary proceeding." (citation omitted)).
22  Doc. 17 at 3-4.
23  *Id.* at 4.

custody documentation.[24]  This evidence plainly satisfies the "some evidence" requirement, and thus there was no due process violation.

Goodloe's primary argument is that the DHO reviewed the wrong surveillance video excerpts and thus reached the wrong conclusion.  He appears to claim that if the DHO had viewed the correct video footage as detailed in his written statement, it would have showed that Williams entered Goodloe's cell on March 10, 2022, before either Goodloe or his cellmate Hickman did.[25]  Notably, Goodloe does not allege that the video in question would show any activity *inside* the cell.  Goodloe requests a "rehearing" where the video can be reexamined (and the correct time frames reviewed), or alternatively that his offense be overturned, his good-conduct time be restored, and the incident be expunged from his record.[26]

The Court cannot grant Goodloe's requests.  Initially, the Court notes that Goodloe has provided no evidence—beyond his bare allegations—that the weapon in question was planted by Williams.  For example, Goodloe has not proffered an affidavit from Williams, a copy of the surveillance video in question, or any documentation that substantiates his assertions that officers Smith and Disher were

---

[24]  *Id.*

[25]  *See* Doc. 15 at 9-10; Doc. 16-8 at 2.

[26]  Doc. 15 at 7, 13.  Goodloe also seeks monetary compensation, (*see id.* at 7), but such a request is improper in a habeas corpus petition because it does not attack "the validity of the continued conviction or the fact or length of the sentence[.]"  *See Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002); *Massaquoi v. Thomas*, 545 F. App'x 118, 120 n.2 (3d Cir. 2013) (nonprecedential) (noting that a Section 2241 habeas petition is not the proper method to seek monetary damages against federal officials).

investigated or found to have committed misconduct in the form of planting evidence.

More importantly, there are two fundamental flaws with Goodloe's habeas argument.  First, the DHO report indicates that the hearing officer reviewed the video surveillance "from the incident" and it only showed Goodloe and his cellmate Hickman entering the cell.[27]  The DHO thus concluded that "there is no evidence to support [Goodloe's] defense that another inmate put the weapon in [his] cell."[28]  Goodloe maintains that the DHO must have viewed the wrong portion of the surveillance video, but this assertion appears to be based only on Goodloe's own allegations that he witnessed Williams exiting his cell that morning.  Goodloe's unsupported claim that the DHO viewed the wrong portion of the video and that a different section would show Williams entering and exiting the cell does not establish that there was a due process violation.

Second, even assuming the DHO reviewed the wrong surveillance video excerpts from March 10, 2022, and further assuming the correct video footage shows Williams entering Goodloe's cell that morning (before the cell was searched), such evidence by itself would not prove Goodloe's accusations.  Unless the video footage in question unequivocally showed Williams planting the homemade weapon in the cell—*an allegation that Goodloe does not make*—the

---

[27]  Doc. 17 at 3.
[28]  *Id.*

mere fact that Williams entered the cell would not conclusively establish that Williams framed Goodloe. Thus, even if the video shows what Goodloe contends that it shows, the DHO could still have found that Goodloe committed the charged offense based on the evidence of record.

To be clear, the Court does not imply that Goodloe's claims are fabricated or that it is impossible for Williams to have planted the weapon in Goodloe's cell. But this Court's task is not to weigh evidence, reweigh evidence, or relitigate the disciplinary proceeding. The sole question here is whether there was "any evidence in the record" to support the DHO's decision, and that question must be answered in the affirmative. The DHO reviewed the evidence presented—including the evidence proffered by Goodloe—and found that the greater weight of the evidence supported a finding that Goodloe had committed the charged offense. Thus, there was no due process violation and Goodloe's Section 2241 petition must be denied.

## III.    CONCLUSION

For the foregoing reasons, the Court will deny Goodloe's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge